**Cecil NAVARRETTE, Petitioner—Appellant,**

v.

**Cheryl PLILER, Warden, Respondent—Appellee.**

No. 03–16531.

D.C. No. CV–99–20055–JW/HRL.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2004.*

Decided Sept. 29, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before OAKES,** KLEINFELD, and CALLAHAN Circuit Judges.

## MEMORANDUM***

Cecil Navarrette appeals the district court's denial of his petition for a writ of habeas corpus. He contends that (1) the state trial court violated his Sixth and Fourteenth Amendment rights by excluding evidence of a note found in the victim's cell and (2) the prosecutor violated his Fourteenth Amendment rights by committing misconduct during closing arguments.

We review the district court's decision to deny Navarrette's habeas petition de novo. *See Spivey v. Rocha,* 194 F.3d 971, 974–75 (9th Cir.1999). As Navarrette seeks collateral review of a state court decision, we may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Keeping in mind these standards, we first conclude that exclusion of the jail note did not render the state proceeding "so fundamentally unfair as to violate due process." *Spivey,* 194 F.3d at 977–78. We next conclude that the prosecutor's alleged misconduct during closing arguments did not so infect the trial "with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo,*

416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

For the reasons above, we AFFIRM.

** The Honorable James L. Oakes, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

